IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MANUEL MENCHACA,<br><br>Petitioner,<br><br>vs.<br><br>THE PEOPLE OF THE STATE OF NEBRASKA,<br><br>Respondent. | 8:18CV193<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Petitioner Manuel Menchaca's Petition for Writ of Error Coram Nobis (filing no. 1), which the court construes as being brought pursuant to 28 U.S.C. § 1651(a), and his Motion for Leave to Proceed In Forma Pauperis (IFP) (filing no. 5). For the reasons set forth below, this case will be dismissed for lack of jurisdiction.

## I. BACKGROUND

Menchaca is incarcerated in the Federal Correctional Complex in Med Forrest City, Arkansas. (Filing No. 5 at CM/ECF p.1.) He is serving a 151-month federal prison sentence imposed by this court on October 18, 2012, in *United States v. Menchaca*, Case No. 8:12-cr-00083-LSC-TDT-3. (Filing No. 1 at CM/ECF p.3.)

In this case, Menchaca is attempting to challenge a Nebraska state court criminal conviction that predates the federal conviction for which he is currently incarcerated. Menchaca states that he pleaded guilty on June 20, 2003, to a charge of Damage to Property in county court in Omaha, Nebraska. Menchaca claims the conviction was obtained in violation of his rights to due process and effective assistance of counsel. Menchaca further claims that this conviction was used to

enhance his prison sentence in his federal criminal case as it "contributed to Petitioner's status as a career offender under United States sentencing Guidelines 4B1.4." (*Id*.)

Menchaca alleges that he has fully served the sentence he received for the state criminal conviction. As such, Menchaca cannot challenge the conviction by means of a habeas corpus petition brought pursuant to 28 U.S.C. § 2254 because he is no longer in custody pursuant to the conviction. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) ("[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States'"), quoting 28 U.S.C. § 2254(a) (emphasis in original). Instead, he argues a petition for a writ of coram nobis is the proper vehicle for seeking relief from his conviction. (Filing No. 1 at CM/ECF pp.3–4.)

## II. DISCUSSION

Menchaca cannot use a petition for a writ of error coram nobis in this case to challenge his state criminal conviction. In *United States v. Morgan*, the Supreme Court held a writ of coram nobis may be used to correct errors that occurred during the course of a criminal proceeding, but *only in the court of conviction as part of the original criminal case*. 346 U.S. 502, 505–11 (1954). *See also Booker v. State of Arkansas*, 380 F.2d 240, 243 (8th Cir. 1967) ("[p]rocedurally, coram nobis is a step in the original criminal proceeding itself"); *Trackwell v. Nebraska*, 126 Fed.Appx. 336 (8th Cir. 2005) (unpublished opinion) ("a defendant may seek coram nobis relief only from the court that rendered judgment"). In other words, "[b]ecause coram nobis relief must be sought in the court of conviction, such relief is not available in *federal court*, for individuals who are challenging a conviction entered in a *state court*." *Borrero v. United States*, No. 08-315(DSD/FLN), 2008 WL 2357834, *2 (D. Minn. June 5, 2008) (collecting cases).

For these reasons, the court finds Menchaca cannot challenge his state criminal conviction by seeking a writ of coram nobis in this court. Coram nobis relief is not available in federal court to challenge his state criminal conviction because such relief may only be granted by the court in which Menchaca was convicted. Moreover, to the extent Menchaca is using this action to challenge the validity of his current federal prison sentence, his claims cannot be entertained in a coram nobis proceeding, because 28 U.S.C. § 2255 provides the exclusive means by which a federal prisoner can collaterally attack the validity of his sentence.

IT IS THEREFORE ORDERED that:

1. Menchaca's Petition for Writ of Error Coram Nobis (filing no. 1) is denied and dismissed without prejudice.

2. Menchaca's Motion for Leave to Proceed In Forma Pauperis (filing no. 5) is denied as moot.[1]

3. The court will enter judgment by a separate document.

---

[1] While the Prison Litigation Reform Act ("PLRA" or "Act") provides that a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee," the Act does not define "civil action" for the purpose of the IFP statute. 28 U.S.C. § 1915(b)(1). The Tenth Circuit has specifically concluded that "a § 1651 [coram nobis] petition is not a 'civil action' for purposes of § 1915(a)(2) and (b)." *Adkins v. Callahan*, 143 F. App'x 930, 930–31 (10th Cir. 2005). That conclusion finds support in the fact that a writ of coram nobis is characterized as "a step in the original criminal proceeding itself." *Booker, supra*. *Cf*. *Martin v. United States*, 96 F.3d 853, 854-55 (7th Cir. 1996) ("A petition for mandamus in a criminal proceeding is not a form of prisoner litigation. . . . It is a procedural step in the criminal litigation, like an interlocutory or final appeal or a civil contempt proceeding against a witness."); *Robinson v. State of Nebraska*, Case No. 8:17-cv-00204-RGK-PRSE (D. Neb.), Filing No. 20 (declining to apply PLRA to mandamus petition challenging the petitioner's underlying criminal proceedings). Accordingly, the court will not require the collection of any filing fee pursuant to the PLRA.

Dated this 15th day of June, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge